UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

STEPHANIE GROSSMAN,

        Plaintiff,                      **MEMORANDUM & ORDER**
                                                                **11 CV 4580 (DRH)(GRB)**

    - against -

MAPLEWOOD SCHOOL
and JOSEPH HOLDEN,

        Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Leeds, Morelli, & Brown, P.C.**
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514
By:    Thomas Ricotta, Esq,

**Littler Mendelson, P.C.**
Attorneys for Defendants
290 Broadhollow Road, Suite 305
Melville, New York 11747
By:    Ethan D. Balsam, Esq.
           Randy S. Gidseg, Esq.


**HURLEY, District Judge:**

       Plaintiff brings this employment action alleging age discrimination and *quid pro quo* sexual harassment.  Before the Court is defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, the motion is granted and the Complaint is dismissed without prejudice to replead within thirty days of the entry of this Memorandum and Order.

**BACKGROUND**

The following facts are taken from the Complaint and are assumed true for present purposes.  Plaintiff, Stephanie Grossman, began her employment as a Head Kindergarten Teacher for the defendant, Maplewood School, in September 2004. (Compl. ¶ 8.)  In December of 2007, defendant Joseph Holden ("Holden"), a Director at the School and plaintiff's direct supervisor, announced that due to reduced enrollment, the School would not issue year-end bonuses to its employees. (*Id.* ¶ 13.)  Immediately following this announcement, Holden approached plaintiff and told her that despite the news about employee bonuses, "he wanted to give her something." (*Id.* ¶ 14.)  He then "proceeded to place cash in plaintiff's hand, and while doing so attempted to kiss her on the mouth." (*Id.*)  Plaintiff tried to turn her head, but the kiss landed "partially on her cheek, and partially on her lips." (*Id.*)

Plaintiff alleges that following this incident, Holden's treatment of plaintiff became "noticeably colder and less cordial." (*Id.* ¶ 15.)  Specifically, plaintiff alleges that Holden stopped holding meetings with plaintiff where they would typically, "discuss what was occurring in her classroom, and concepts for the school," (*id.* ¶ 16), and failed to attend the graduation ceremony for plaintiff's kindergarten students "that year," even though he attended the same ceremony for the other classes, (*id.* ¶ 17).

On August 23, 2010, Holden informed plaintiff that her employment was being terminated. (*Id.* ¶ 20.)  Plaintiff, who was 53 at the time of her termination, alleges that she was replaced by a less experienced, younger woman. (*Id.* ¶ 21.)

In plaintiff's December 1, 2011 letter to the Court, plaintiff withdrew her previously asserted claims for sexual harassment and retaliation under Title VII, and retaliation under New York State Human Rights Law. (*See* Docket No. 9; Order dated 12/06/11 (citing Fed. R. Civ. P.

41(a)(1)(A)(i)).)  What remain are plaintiff's federal claim for age discrimination, and her state law claim for sexual harassment.

## DISCUSSION

### I. STANDARD OF REVIEW - *Motion To Dismiss Pursuant to Rule 12(b)(6)*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  550 U.S. at 562.  Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss.  First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950.  "While legal

3

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (*citing Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (*quoting and citing Twombly*, 550 U.S. at 556-57) (internal citations omitted).

In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - that the pleader is entitled to relief." *Id.* at 1950.

## II.  PLAINTIFF'S AGE-BASED CLAIMS

Plaintiff purports to bring her age-based discrimination claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000-e, *et seq.*, and New York Human Rights Law, N.Y. Executive Law § 290, *et seq*. ("NYHRL"). However, as defendants point out, Title VII does not provide for recovery for age discrimination. Such claims are, of course, actionable under federal law pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

Plaintiff does not dispute that her age-based claims must be brought under the ADEA, and that her erroneous citation to Title VII was the only remaining basis for original federal jurisdiction alleged in the Complaint. Plaintiff nevertheless seeks in her opposition memorandum to amend her pleading to correct this deficiency, attaching a proposed amended complaint thereto. (*See* Ricotta Decl. Ex. 1.) This, however, is not the proper means to seek to amend the pleading. Given the current posture of this case, plaintiff may either move to amend the complaint, or seek the written consent of the opposing parties pursuant to Fed. R. Civ. P. 15 (a)(1)(B)(2). Accordingly, plaintiff's age-based claims are hereby dismissed without prejudice to replead within thirty days of the entry of this Order in a manner not inconsistent with the federal rules and the content of this Opinion as set forth *infra*.

### III. PLAINTIFF'S SEXUAL HARASSMENT CLAIMS

As plaintiff's only federally based claim has been dismissed without prejudice above, the Court is without a basis for original federal jurisdiction over this case. Nevertheless, given that plaintiff intends to amend the Complaint, and given that the parties have argued the merits of plaintiff's state law sexual harassment claim, the Court retains supplemental jurisdiction in the interest of judicial efficiency for the purpose of addressing the merits of such claim. *See, e.g.*, *Kashelkar v. Bluestone*, 2007 U.S. Dist. LEXIS 71313, *4 (S.D.N.Y. Sept. 26, 2007)("[I]t is appropriate to exercise supplemental jurisdiction to rule on the merits of Plaintiff's state claims notwithstanding the dismissal of the federal claims, because all of the claims arise from the same set of operative facts and are plainly lacking in merit.")

To state a *quid pro quo* sexual harassment claim, plaintiff "must show a tangible employment action, i.e., that an explicit . . . alteration[] in the terms or conditions of employment

5

resulted from her refusal to submit to [the defendants'] sexual advances." *Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 604 (2d Cir. 2006) (applying the same standard for *quid pro quo* sexual harassment claims under both Title VII and NYHRL)(internal quotation marks and citations omitted). "A tangible employment action usually constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* (citing and quoting *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 57 (2d Cir. 2004))(internal quotation marks omitted).

The first two alleged consequences of plaintiff rebuffing Holden's advances, *viz.* that Holden stopped holding meetings and failed to attend the graduation of plaintiff's kindergarten class, do not meet this standard, nor would they fall within the three-year statute of limitations for NYHRL claims.[1] *See Lambert v. Genesee Hosp.*, 10 F.3d 46, 59 (2d Cir. 1993)(three-year statute of limitations for claims pursuant to NYHRL)(citing *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 307, 448 N.E.2d 86 (1983)); *see also* N.Y. C.P.L.R. § 214(2).

Likely as a result of these deficiencies, plaintiff argues in her opposition memorandum that her sexual harassment claim is actionable *solely* by way of her termination on August 23, 2010, which clearly constitutes a tangible employment action, and which falls within the statute of limitations. Defendants counter, however, that plaintiff fails to state a claim for relief based on her termination as too much time had passed between the kiss and her termination to create an inference of causation, and because plaintiff fails to articulate any other factual basis for causation. (Defs.' Br. at 9-12.) The Court agrees.

A plaintiff may indirectly establish a causal connection between the alleged conduct and the adverse action merely by showing that the two events occurred in close temporal proximity

---

[1] This action was commenced on September 21, 2011.

to each other. *See Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004)(applying the principle to plaintiff's *prima facie* case at summary judgment); *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988)(same). While there is no specific, minimum period of time required, the Supreme Court has held that to create this inference, the events must occur "very close" in time. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001); *see also Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 224 (2d Cir. 2001). In *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306 (2d Cir. 2005), the Second Circuit acknowledged:

> This Court had not established a specific delay between protected activity and adverse employment action that defeats an inference of causation. *Gorman-Bakos v. Cornell Co-op Extension*, 252 F.3d 545, 554-55 (2d Cir. 2001) (listing cases in the context of Title VII retaliation). We have in the past held that a delay of three months was fatal to a showing of causation, *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990), and that a delay of eight months supported a showing of causation, *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980).

*Id.* at 314.

In applying the temporal proximity approach to the pleading stage, the Second Circuit stated the following:

> Although the issue in this case is dismissal not summary judgment, the rationale of these cases prompts us to conclude that, where the complaint shows that the first alleged act of retaliation occurred twenty-one months after plaintiff's protected activity, and where nothing in plaintiff's pleadings, even liberally construed, suggest a plausible scenario of a causal connection between two events occurring so far apart.

*Altieri v. Albany Pub. Library*, 172 Fed. Appx. 331, 333 (2d Cir. 2006)(Summary Order).

It is clear, in the present case that the period of time at issue, almost two and a half years, falls well outside the permitted temporal boundaries for inferences of causation. Plaintiff does

7

not deny that the events occurred within a wide gap of each other, but argues that the claim should nevertheless survive the pleading stage. (Pl.'s Opp. at 8-9.)  In particular, plaintiff insists that she should at least be able to make a direct case for causation by presenting proof that plaintiff was treated differently than others similarly situated. (*Id.*)  To the extent that plaintiff truly intends to proceed on such a theory, she has failed to identify any similarly situated individuals regarding her sexual harassment cause of action in the Complaint, and therefore fails to state a claim in that regard as well.

Although she does not advance the argument in her opposition brief, to the extent that plaintiff intends to rely on the intervening events where Holden stopped attending meetings or skipped graduation to establish stepping stones between the kiss and her termination, this approach too must fail.  The Complaint reflects that the last incident of retaliatory behavior, *viz.* his absence from the graduation ceremony, happened, at the latest, near the end of the 2007/2008 academic year in mid-2008.[2]  Even granting plaintiff this later date, there still exists more than two years between the unattended ceremony and plaintiff's termination.

As plaintiff has failed to set forth sufficient facts to allege a direct causal connection between the allegedly harassing incident and her termination, and as the gap in time between these events is too great to create an indirect connection by way of temporal proximity, plaintiff's *quid pro quo* sexual harassment claim is dismissed without prejudice.  *See, e.g. Milne v. Navigant Consulting*, 2009 U.S. Dist. LEXIS 112632 (S.D.N.Y. Nov. 30, 2009)(dismissing a *quid pro quo* sexual harassment claim at the pleading stage for lack of causation where seven months had passed between the incident of harassment and the adverse employment action).

---

[2] Plaintiff alleges that the ceremony was held "that year." (Compl. ¶ 17.)  While this may refer to either the same academic or the same calendar year as the kiss, which occurred in December 2007, giving plaintiff the benefit of the doubt would place the event no later than mid-2008.

8

## IV.  LEAVE TO REPLEAD

Upon granting a motion to dismiss, leave to replead should be given unless a plaintiff is unable to allege any facts sufficient to support its claim, in which case the complaint should be dismissed with prejudice. *See Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).  Although plaintiff's sexual harassment claim, as currently pled, suffers from significant infirmities, leave to replead this claim is nevertheless granted.  Leave is similarly granted to replead plaintiff's age discrimination claim under the appropriate statute.  As noted above, plaintiff must either move to amend the complaint, or seek the consent of defendants to so amend in accordance with Rule 15, Fed. R. Civ. P.  Plaintiff must take such action within thirty days of the entry of this Memorandum and Order or her claims will be dismissed with prejudice.

## CONCLUSION

For the above stated reasons, defendants' motion to dismiss is granted and plaintiff's complaint is dismissed without prejudice to replead within thirty days of the entry of this Memorandum and Order.

SO ORDERED.

Dated: Central Islip, New York
       September 6, 2012

                                              /s/
                                        Denis R. Hurley
                                        Unites States District Judge